By the Court.
This was a suit to quiet title. The plaintiff below, Elizabeth Poster, was the owner of a life estate in the lands described in her petition, devised to her by the will of her husband. The *359 lands were sold by the auditor at delinquent tax sale, January 19, 1886, and were not redeemed by her within a year from the sale. One Dosenberry had a mortgage on the interest of the remainder-man in the property, and paid to the purchaser at the tax sale the amount of his claim and took an assignment of the auditor’s certificate of the purchase. His mortgagee not being- paid, he caused it to be foreclosed, and the plaintiff in error, Chaffee, became the purchaser. In the distribution of the proceeds, Dosenberry was allowed and paid the amount he had paid to the purchaser at the tax sale; and claiming to be the owner in fee simple and entitled to the possession of the land, on the ground that under section 2852, Revised Statutes, the estate of the plaintiff in the land was forfeited, the suit was brought by her to quiet her title. Among other things she averred in her petition that the sale on foreclosure was made “ without affecting, and subject to her life estate in the premises” — on which an issue was taken by an answer. The case was appealed to the circuit court, which found on the issues joined for the plaintiff, and made a decree quieting her in the possession of her estate.
Held, that the sale on foreclosure having been made, as found by the court, subject to the life estate of the plaintiff, the purchaser at the sale acquired simply an estate subject to the life estate of the plaintiff. The fact that, the omission to redeem the land from the sale for taxes within the time prescribed by section 2852, Revised Statutes, may have worked a forfeiture of her life estate to the mortgagor, as the next in estate, does not enlarge the estate acquired by the purchaser at the sale on foreclosure, the omission having occurred *360 prior to the foreclosure. The mortgagor may have waived, the forfeiture, which he could have done, without in any way impairing the rights of the mortgagee under the mortgage. All the estate subject to the mortgage, was an estate in remainder, to commence as an estate in possession, on the death of the plaintiff, or her remarriage, neither of which events have occurred.
Judgment affi/rmed.
Williams and Bradbury JJ., dissent.